4 Pages
Candace Y. Brooks (CSB 181713)
**BROOKS | CARPENTER**
555 University Avenue, Suite 170
Sacramento, CA 95825
(916) 927-4989

Attorney for Debtor

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

In re:

CHERRI MAE DA ROZA

                          Debtor

Case No. 17-23305-E-13C

MCN: CYB-5

Chapter 13

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR ATTORNEY FEES**

Hearing Date: October 18, 2022
Hearing Time: 2:00 pm
Courtroom: 33, 6th Floor
Judge: Hon. Ronald H. Sargis

1) On May 15, 2017, Debtor filed her Chapter 13 bankruptcy petition. The Schedules, Statement of Affairs, the Debtor's Rights and Responsibilities and Chapter 13 Plan were filed concurrently with the petition.

2) Said Chapter 13 Plan was confirmed on July 18, 2017. Applicant (1) Prepared and Filed three Motions to Modify Debtor's Chapter 13 Plan After Confirmation due to a material change in income and expenses; (2) Responded to numerous emails and telephone calls associated with the Modification to the Debtor's plans and change to Debtor's income that resulted in changes to Debtor's Schedules "I" and "J" and (3) Prepared and filed four Responses to Trustee's Motions to Dismiss Chapter 13 plan.

3) On September 26, 2022, Applicant filed this fee application. There have not been any prior orders awarding additional compensation other than the order confirming the original plan approving the original fees to Applicant.

## ARGUMENT

### I. THE DEBTOR MAY RETAIN COUNSEL

4) A Chapter 13 Debtor may retain counsel:

In a chapter 12 or Chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interest of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section. 11 U.S. Section 330(a)(4)(B). The debtor's attorney did so. See the Decl. of Candace Y. Brooks (p.2)

## II. THE COURT SHOULD AWARD REASONABLE COMPENSATION

5) The fees due to debtor's counsel shall be reasonable. 11 U.S.C. § 330(a)(1)(A). In deciding what is reasonable, the court considers significant factors:

In determining the amount of reasonable compensation to be awarded to an examiner, trustee under Chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of a case under this title; (D) whether the services where performed within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparable skilled practitioners in cases other than cases under this title. 11 U.S.C. § 330 (a)(3)

6) The chapter 13 Fee Guideline for the Eastern District of California layout a <u>streamlined procedure</u> for approval of attorney's fees in chapter13 cases. They provide reasonable compensation in chapter 13 cases with a minimum of paperwork and judicial involvement. In re Pedersen, 229. B.R. 225,229 (1999) (emphasis added).

## A. NATURE, EXTENT AND VALUE OF SERVICES

7) (1) Prepared and Filed three Motions to Modify Debtor's Chapter 13 Plan After Confirmation due to a material change in income and expenses; (2) Responded to numerous emails and telephone calls associated with the Modification to the Debtor's plans and change to Debtor's income that resulted in

changes to Debtor's Schedules "I" and "J" and (3) Prepared and filed four Responses to Trustee's Motions to Dismiss Chapter 13 plan.

### B. TIME SPENT

8) Applicant for the Debtor has spent 49.30 hours prosecuting this case not including this motion for additional attorney's fees, of which 9.53 are sought by Applicant for additional fees for unanticipated and reasonable and necessary legal services.

### C. RATES CHARGED

9) At the time this case was filed, Applicant's hourly rate was $325.00 for counsel's services. I do not have a paralegal, but a legal assistant and I am not sharing the fees with other attorneys.

### D. NECESSARY OR BENEFICIAL

10) Debtor's counsel efforts have produced a tangible benefit to the Debtor. Applicant (1) Prepared and Filed three Motions to Modify Debtor's Chapter 13 Plan After Confirmation due to a material change in income and expenses; (2) Responded to numerous emails and telephone calls associated with the Modification to the Debtor's plans and change to Debtor's income that resulted in changes to Debtor's Schedules "I" and "J" and (3) Prepared and filed four Responses to Trustee's Motions to Dismiss Chapter 13 plan.

See Declaration of Candace Y. Brooks (pp)   The Debtor will complete her plan payments on or about December 25, 2022. Thereafter, the Debtor anticipates receiving a discharge. As a result of Applicant's efforts, Debtor's proposed three Modified Plans were confirmed, and Debtor's case survived four Motions to Dismiss Debtor. Thus, resulting in the Debtor being able to receive a discharge. Thus, Debtor's creditors will receive payments of such amounts as are required by Chapter 13 of title 11 of the United States Code, all to the benefit of each.  (See Debtor's Counsel Declaration)

### E. TIMELINESS

11) This case was filed on May 15, 2017; subject to audit, payments to the chapter 13 trustee should terminate on or about December 25, 2022.

## F. OBJECTIVE REASONABLENESS

12) The movant prays for an interim award of additional attorney fees in the amount of $ 3,100.00. The application for the *additional attorney fees* covers the period from April 27, 2019, through December 7, 2021.

## CONCLUSION

13) Candace Y. Brooks, counsel for the Debtor, prays for an order for *additional attorney's fees* in the amount of $3,100.00.

Dated: 09/26/22

/s/ Candace Y. Brooks, Esq.
Candace Y. Brooks, Attorney for the Debtor